# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. DEBBIE WHITE,<br>             Petitioner, | DOCKET NUMBER<br>CB-1208-17-0002-U-3 |
| v. | |
| DEPARTMENT OF DEFENSE,<br>             Agency. | DATE: December 16, 2016 |

## THIS STAY ORDER IS NONPRECEDENTIAL[*]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Bradley R. Hansen, Esquire, and Sandra K. Whittington, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### ORDER ON STAY REQUEST

¶1      Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 60-day extension of the previously granted stay of the agency's action

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

demoting Debbie White.  For the reasons discussed below, OSC's request is GRANTED, and the stay is extended through February 18, 2017.

## BACKGROUND

¶2      On October 7, 2016, Member Mark A. Robbins granted OSC's initial request for a 45-day stay of Ms. White's demotion.  *Special Counsel ex rel. White v. Department of Defense*, MSPB Docket No. CB-1208-17-0002-U-1, Stay Request File, Tab 2.  On November 1, 2016, OSC filed a timely request to extend the stay for an additional 30 days.  *Special Counsel ex rel. White v. Department of Defense*, MSPB Docket No. CB-1208-17-0002-U-2, Stay Request File (U-2 SRF), Tab 1, and on November 18, 2016, the Board granted the extension through December 20, 2016, U-2 SRF, Tab 2.  On December 5, 2016, OSC filed a timely request to extend the stay for an additional 60 days.  *Special Counsel ex rel. White v. Department of Defense*, MSPB Docket No. CB-1208-17-0002-U-3, Stay Request File (U-3 SRF), Tab 1.  The agency has not filed a response to OSC's request for a further extension of the stay.

## ANALYSIS

¶3      A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter.  *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).  The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period of time that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶4      In its first request for an extension, OSC asserted that it was working diligently to complete its investigation, having interviewed more than

20 witnesses, and that the agency was assisting in scheduling interviews and in providing documents which OSC reviewed as they were produced. U-2 SRF, Tab 1 at 2-3. OSC further maintained that, once it had completed its investigation, it might need additional time to evaluate and pursue the matter, as appropriate. *Id.* at 3.

¶5        In the request currently before us, OSC asserts that a 60-day extension of the stay is necessary to allow it to finalize its prohibited personnel practice report and seek resolution of the complaint. Specifically, OSC indicates that it has completed its investigation and is drafting the report to the Secretary of Defense, and that, once the Special Counsel has reviewed and submitted that report, OSC will need additional time to seek to negotiate a resolution to the complaint. U-3 SRF, Tab 1 at 2. OSC argues that Ms. White should be held harmless pending these efforts to resolve the complaint. *Id.* Thus, OSC maintains that the evidentiary record has not materially changed during the stay. *Id.* at 1.

¶6        Under the specific circumstances of this case, including the limited length of the extension request, the fact that OSC has completed its investigation and is preparing a report, the fact that the agency has not responded to the request, and in light of the fact that the evidentiary record supporting OSC's initial stay request has not materially changed since Member Robbins granted the initial stay, we find it appropriate to extend the stay until February 18, 2017. *See Special Counsel ex rel. Waddell*, 103 M.S.P.R. 372, ¶ 5.

### ORDER

¶7        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 60-day extension of the stay is hereby GRANTED. It is hereby ORDERED that:

(1) The terms and conditions of the stay issued on October 7, 2016, and extended on November 18, 2016, are extended through and including February 18, 2017;

(2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(3) Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before February 3, 2017. *See* 5 C.F.R. § 1201.26(b). Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, before February 10, 2017. *See* 5 C.F.R. § 1201.136(b).


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.